

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-27-2006

# DeGrange v. West

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3050

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"DeGrange v. West" (2006). *2006 Decisions*. Paper 688.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/688

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3050
_____

CHRISTOPHER TODD DEGRANGE,

Appellant

v.

J. P. WEST

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 03-cv-05753)
District Judge: Honorable Jan E. Dubois
_____

Submitted Under Third Circuit LAR 34.1(a)
June 1, 2006

Before: McKee, Fuentes and Nygaard, Circuit Judges.

(Filed: July 27, 2006)

_____

OPINION
_____

PER CURIAM

Christopher Todd DeGrange appeals from the order of the United States District

Court for the Eastern District of Pennsylvania granting summary judgment in favor of the defendant, J.P. West. We will affirm.

In late 2003, DeGrange filed a civil rights complaint against West, former director of the Star program, a sex offender treatment program run by Care Link, Inc. ("Care Link"), at Norristown State Hospital, Pennsylvania. DeGrange alleged that he was confined to Care Link while he was a state prisoner in the custody of the Montgomery County Court, and that he received treatment from 1993 until 2002.[1] DeGrange asserted that West violated his constitutional rights during that time. Among other things, he alleged that West deprived him of assistance of counsel and legal resources, forced him to incriminate himself during the course of his therapy, conducted illegal searches and seizures, and inflicted cruel and unusual punishment. DeGrange sought declaratory and injunctive relief. The matter proceeded to discovery. West filed a motion for summary judgment, to which DeGrange filed a response. The District Court granted the motion for summary judgment, concluding that DeGrange's claims for injunctive and declaratory relief were moot. DeGrange's motion for reconsideration was denied.[2]

DeGrange appeals. We have jurisdiction under 28 U.S.C. § 1291. We exercise

---

[1] In his brief, DeGrange states that his commitment to the Star program was voluntary.

[2] DeGrange's statement of the case in his brief suggests that improprieties occurred in the proceedings in District Court. For example, he contends that the District Court and West "entered into an agreement for a summary judgment." We note that the record does not support his version of the procedural history of the case.

plenary review over a District Court's grant of summary judgment and apply the same test applied by the District Court. Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. at 232; Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of a genuine issue for trial. Specifically, the party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading"; the party's response, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Saldana, 260 F.3d at 232 (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)).

Upon review of the record, we agree with the District Court that DeGrange's claims for injunctive and declaratory relief were moot when he filed his complaint. During discovery, DeGrange confirmed that his claims were against West as the sole defendant, for events that occurred during the time of her employment as the Star program director. He admitted that West ended her employment with Care Link on November 9, 2001, and that he since has resisted her efforts to include him in the program she currently runs. In his complaint, DeGrange stated that he was no longer at Care Link and was living in Philadelphia. There was no showing that it was reasonably likely that he ever would be returned to the Star program, or to West's treatment care at any

3

location.  Accordingly, as discussed by the District Court, it appears that DeGrange's complaint falls short of showing a live case or controversy.  After West's and his own departures from the Star program, he no longer had standing to bring an action for prospective relief, as he was no longer subject to the alleged constitutionally-violative conditions. See Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981).

We have considered DeGrange's arguments in his brief, and we conclude that they are without merit.  We will affirm the District Court's judgment.